Curia, per Evans, J.
The only question of law arising out of the trial in this case, was, whether Daniel Holly was a competent witness to impeach his deed to the plaintiff. In the life time of the subscribing witness, he *16 would not be competent to prove the due execution of the deed, for the obvious reason, that the law, in requiring witnesses, has indicated the evidence by which the deed is' to be proved ; and no other evidence can be received whilst this is in existence. But when his evidence is offered to impeach his deed, it rests on a different principle. It was once held in England, that one who had signed a written instrument, could not be allowed, as a witness, to destroy it; but this was soon restricted to commercial paper; and was afterwards, I think, entirely overruled. In this country, we have never recognised any such rule of evidence. The grantor stands upon the same footing as any other witness. If he is free from interest, he is competent. Holly’s deed to Schroter has, I presume, the usual covenant of warranty. If his deed, under which the defendant claims, was also with warranty, then he would be liabe on both covenants, and his interest would be equal. If there was no warranty in the latter deed, then his evidence, which went to destroy Schroter’s deed, was against his interest. In any view in which the case presents itself to my mind, he was competent to answer the question which was propounded to him, although the answer, if believed by the jury, might go to destroy the deed, as a forgery.
No satisfactory reason has ever been given why, on indictments for forgery, one whose name has been forged is not a competent witness to prove the forgery, and it has only been allowed to prevail in this State on the principle of stare decisis. The principle has never been re-cognised in this State, as extending to civil cases.
It may be, as was argued, that the witness’ character was such that the jury would not have believed him, if he had answered the question as was expected, but we cannot determine that. The motion is granted.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.